# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 72811-3-I |
| Respondent, | |
| v. | DIVISION ONE |
| CHRISTOPHER K. WITTMAN, | UNPUBLISHED OPINION |
| Appellant. | FILED: August 8, 2016 |

LEACH, J. — Christopher Wittman appeals the trial court's imposition of a mandatory $100 deoxyribonucleic acid (DNA) fee. He argues that the mandatory DNA fee statute,[1] as applied to an indigent defendant, violates substantive due process and equal protection. Our recent opinions in State v. Shelton[2] and State v. Lewis[3] considered and rejected the same arguments. Wittman also claims that the trial court abused its discretion when it required him to provide a DNA sample. But the record does not show that Wittman has actually provided a DNA sample or that the state crime laboratory database has one. The trial court did not abuse its discretion. We affirm.

## Background

On December 18, 2013, Wittman drove his car while intoxicated and speeding, causing a collision that injured several people and killed Barbara Eakin. Wittman pleaded guilty on September 17, 2014, to vehicular homicide

---

[1] RCW 43.43.7541.
[2] No. 72848-2-I, 2016 WL 3461164, at *1 (Wash. Ct. App. June 20, 2016).
[3] No. 72637-4-I, slip op. at 1 (Wash. Ct. App. June 27, 2016).

(DUI)[4], vehicular assault (DUI), and reckless endangerment. His criminal history included two earlier felony convictions. The trial court imposed concurrent sentences of 130 months for vehicular homicide and 20 months for vehicular assault and imposed a 364-day suspended sentence on the reckless endangerment conviction. It imposed a mandatory DNA collection fee and required Wittman to provide a DNA sample.

## Analysis

Wittman claims, for the first time on appeal, that the mandatory DNA fee required by RCW 43.43.7541 violates substantive due process when imposed on an indigent defendant. The State has not attempted to collect the DNA fee from Wittman and has not imposed sanctions for his failure to pay the fee. Thus, as this court recently held in Shelton, this as-applied substantive due process challenge is not ripe for review.[5] Nor is imposition of the fee a manifest error affecting a constitutional right subject to review under RAP 2.5(a)(3).[6]

Wittman also asserts that as applied to a repeat offender, the statute violates equal protection. But in Lewis, this court considered and rejected the same challenge. We held that a rational basis exists to impose a fee for every felony sentence because the fee funds both the cost of collection and the costs to operate and maintain the DNA database.[7]

---

[4] Driving while intoxicated (DUI).
[5] Shelton, WL 3461164, at *4.
[6] Shelton, WL 3461164, at *4.
[7] Lewis, slip op. at 10.

Wittman also claims that the trial court abused its discretion when it required him to provide a DNA sample. RCW 43.43.754(2) provides, "If the Washington state patrol crime laboratory already has a DNA sample from an individual for a qualifying offense, a subsequent submission is not required to be submitted."

Wittman cites only his criminal history described in the record to support his claim that he already submitted a DNA sample. But the record does not show that Wittman actually submitted a DNA sample or that the Washington State Patrol Crime Laboratory has a DNA sample for a qualifying offense. Without this showing, his argument fails.[8]

Conclusion

Under Shelton and Lewis, Wittman's arguments fail. We affirm.

_Leach, J._

WE CONCUR:

---

[8] Lewis, slip op. at 10-11.